**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:                                                      Case No. 06-MC-50566

JANET M. FREDERICK-WILSON           Honorable Robert H. Cleland
                                                                Honorable George Caram Steeh
                                                                 Honorable Thomas L. Ludington

_____/

**ORDER GRANTING PETITION FOR REINSTATEMENT**

Before the court is a "Petition for Reinstatement," filed on April 15, 2010, by Petitioner Janet M. Frederick-Wilson. The petition has been assigned to the undersigned panel, and Robert Agacinski, the Grievance Administrator of the Michigan Attorney Grievance Commission, has submitted a "Grievance Administrator's Reinstatement Report." For the reasons discussed below, the court will grant the Petition.

**I. DISCUSSION**

Petitioner was suspended from the practice of law in Michigan state courts on June 1, 2006. Under the local rules of the Eastern District of Michigan, when another jurisdiction disciplines an attorney, this court automatically imposes the same discipline in this district. E.D. Mich. LR 83.22(g)(1)(A). The relevant rule, subtitled "Reciprocal Discipline," states:

> When another jurisdiction enters an order of discipline against an attorney admitted to practice in this court, the same discipline is automatically effective in this court without further action by the court. On receipt of written notice that another jurisdiction entered an order of discipline against an attorney admitted to practice in this court, the chief judge will enter an order imposing the same discipline, effective as of the date that the discipline was effective in

the other jurisdiction. If the discipline imposed in the other
jurisdiction has been stayed there, the court may defer reciprocal
discipline until the stay expires.

E.D. Mich. LR 83.22(g)(1)(A). In accordance with this rule, when Petitioner was suspended in Michigan state courts, she was automatically suspended in this district.

Petitioner's license to practice law in Michigan was reinstated by the Michigan Supreme Court on July 17, 2006. On April 15, 2010, she filed the instant petition seeking reinstatement in this district. Local Rule 83.22(i) states that "[w]hen this court has suspended or disbarred an attorney under LR 83.22(g) or (h), the attorney may apply for reinstatement by filing in this court an affidavit that the jurisdiction that entered the order of discipline on which this court based its discipline has reinstated the attorney." E.D. Mich. LR 83.22(i)(1). The rule further explains a petitioner's burden in seeking reinstatement:

(2) The attorney seeking reinstatement must prove by clear and
convincing evidence that--

(A) the attorney has complied with the orders of
discipline of this court and all other disciplinary
authorities.

(B) the attorney has not practiced in this court during
the period of disbarment or suspension and has not
practiced law contrary to any other order of discipline.

(C) the attorney has not engaged in any other
professional misconduct since disbarment or
suspension.

(D)  the attorney has the moral qualifications,
competency and learning in the law required for
admission to practice before this court, and that his or
her resumption of the practice of law will not be

> detrimental to the integrity and standing of the bar or
> to the administration of justice, or subversive of the
> public interest.

E.D. Mich. LR 83.22(i)(2). Petitioner attached an affidavit to her petition in which she avers that she meets all of the qualifications of Local Rule 83.22(i)(2). Additionally, the Grievance Administrator of the Michigan Attorney Grievance Commission has indicated that Petitioner has no other public discipline, and that there are no matters involving Petitioner currently pending with the Attorney Discipline Board. (Grievance Admin.'s Report at 2.) The Grievance Administrator does not oppose Petitioner's reinstatement.

The panel therefore finds that Petitioner has met her burden under Local Rule 83.22(i)(2) and will grant her petition for reinstatement.

## II. CONCLUSION

Accordingly, IT IS ORDERED that the "Petition for Reinstatement" [Dkt. # 3] is GRANTED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        UNITED STATES DISTRICT JUDGE

Dated: June 18, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 18, 2010, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522